## HOOE and others vs. LOCKWOOD.

1. NEW TRIAL.—A motion for a new trial on the ground of absence of counsel, is addressed to the discretion of the court, and unless there is a gross abuse in its exercise, this court will not disturb its determination.

2. EXECUTOR — PLEADING.—A declaration by a creditor against an executor and his sureties, must aver that he is such creditor, or that such proceedings have been had as fixed the liability of the executor, and established his right to have the sum claimed out of the estate.

3. PROBATE COURT.—Under the territorial statutes, a judge of probate had no right to decide that the estate of a deceased person owed a certain person a certain sum, if that fact was disputed. He could only direct the payment to a creditor of his *pro rata* share of the assets in the hands of the executor, upon a claim which had been previously ascertained to be legal and valid, or which the executor was by law obliged to pay.

(3 Chand., 41.)

ERROR to the late District Court for *Crawford* County.

This was an action of debt, brought in the name of *James H. Lockwood*, late judge of probate for that county, who sued for the use of "the American Fur Company," in his official capacity. The action was in debt, founded

on a bond executed by *Emilie Hooe*, one of the plaintiffs in error, and her sureties in a bond, given in her behalf as executrix of the estate of Joseph Rolette, the testator. By the bond, the plaintiffs in error "acknowledged themselves, jointly and severally, for the whole and in the whole, to be holden and firmly bound and obliged to the said *James H. Lockwood*, judge of probate, and granting administration in the said county of Crawford, in the full sum of ten thousand dollars ;" and was conditioned for the faithful administration of the estate of Joseph Rolette, as provided by statute. The declaration further alleged that at a court of probate, held on the 29th day of September, 1845, before the said *Lockwood*, it was ordered that the said *Emilie Hooe*, executrix, should pay to the American Fur Company, $279.55 ; and, that although a demand of that money had been made, yet that it had not been paid, and that thereby an action had accrued, etc.

The plaintiffs in error pleaded *nil debit* in the first instance — to which the defendant in error demurred. The demurrer was sustained and leave given to plead over. The plaintiffs in error then pleaded *non est factum* and *plene administravit.* To the first of which the defendant in error also demurred, and the demurrer was sustained. Then the plea of *plene administravit* was withdrawn.

The court below, at a stated term, ordered judgment in favor of the defendant in error, and the court heard proofs on the part of the defendant in error to establish the amount claimed by him from the plaintiffs in error, and then ordered judgment for the sum of $279.55.

The plaintiffs in error then moved for a new trial, which was refused. After the organization of the state, a like motion was again made before the presiding circuit judge, which was refused, and exceptions were taken to his ruling. The cause came into this court by writ of error. Various points were made by the plaintiffs in error, upon the whole case — which

are unnecessary to be stated, — one of which, however, was that the declaration was insufficient.

*Moses M. Strong* and *Jas. H. Knowlton*, for plaintiffs in error.
*Ben. C. Eastman*, for defendant in error.

WHITON, J.   This case comes here from the late district court for Crawford county.

It appears by the record, that *Emilie Hooe* and her sureties were sued in that court, on a bond entered into by them, conditioned as follows : " That, whereas, the said *Emilie Hooe* had taken out letters testamentary on the estate of Joseph Rolette, of the county aforesaid, deceased ; then, therefore, if the above bounden *Emilie Hooe* would make, or cause to be made, a true and perfect inventory of all and singular, the goods, chattels, rights and credits of the said deceased, which had, or should come to her hands, knowledge or possession, or into the hands or possession of any other person or persons, for her, and the same so made, should exhibit, or cause to be exhibited in the office of the judge of probate for said county of Crawford, at or before three calendar months from the date thereof, and the same goods and chattels, rights and credits of the said deceased, at the time of his death, which shall at any time after come to the hands or possession of the executrix, or into the hands or possession of any other person or persons, for her, would well and truly administer, according to law, and would further make or cause to be made, a just and true account of her administration, upon oath, at or before the fifteenth day of May, which would be in the year of our Lord, one thousand eight hundred and forty-four ; and the rest and residue of said goods and chattels, rights and credits, which should be found remaining upon account of the said executrix, the same being first examined and allowed by the judge or judges, for the time being, of probate of wills, and granting administration within the county of Crawford, aforesaid, and should deliver

and pay to each person or persons, respectively, as the judge or judges, by his or their decree or sentence, pursuant to law, should appoint and limit, that then the said above written obligation was to be void and of no effect, or else to abide and remain in full force and virtue."

The declaration then sets out that at a court of probate, held before the said *James H. Lockwood*, then being the judge of probate for Crawford county, in a certain matter pending in said court, upon and concerning the administration of the said estate of the said Joseph Rolette, deceased, it was sentenced and decreed, that the said *Emilie Hooe*, executrix as aforesaid, should pay to the said American Fur Company, the sum of two hundred and seventy-nine dollars and fifty-five cents, which was then and there adjudged by said court, to the said American Fur Company, as their *pro rata* dividend of certain moneys received by the said *Emilie Hooe*, executrix, of and from the estate of the said Joseph Rolette, deceased, and avers a refusal to pay money upon request.

To this declaration the defendant pleaded *nil debit*, which was held bad on demurrer; they then pleaded *non est factum* and *plene administravit*. The plea of *plene administravit* was held insufficient on demurrer, and the defendants having withdrawn their plea of *non est factum*, the penalty of the bond was adjudged to be forfeited.

The court then assessed the sum equitably due the plaintiffs at two hundred and seventy-nine dollars and fifty-five cents, and rendered judgment against the defendants for the amount.

The defendants moved for a new trial, founded on the affidavits of *Emilie Hooe* and Edward W. Pelton, setting forth the absence of the counsel of the defendants from the court at the time when the case was disposed of. This motion was overruled by the court.

From the above statement it is apparent that this cause must be determined upon the declaration alone.

The motion for a new trial was addressed to the discretion

of the judge, and unless there was a gross abuse of that discretion, this court will not reverse the judgment for a supposed error in its exercise; and we see no such abuse as would warrant us in reversing it. Was then the declaration sufficient to justify the court in rendering the judgment? We have arrived at the conclusion that it was not.

It sets out the bond which the defendants entered into, with the condition, and the decree or order made by the judge of probate of Crawford county, by which he directed the payment of the sum demanded in this suit, to be paid to the American Fur Company.

This decree the judge of probate had no authority to make; he had no right to decide that the estate of Rolette owed the money to the American Fur Company, if that fact was disputed, but could only direct the payment to them of their *pro rata* share of the assets belonging to the estate, in the hands of the administrator, upon a claim against the estate, which had been previously ascertained to be legal and valid, or which the administrator was, by law, obliged to pay. 1 Munford, 1.

The declaration is fatally deficient in not averring that the American Fur Company was the creditor of the estate, or that such proceedings had been had as fixed the liability of the administrator and established the right of the company to this amount out of the estate.

The other points relied upon by the plaintiffs in error, it is unnecessary to notice.

Judgment reversed.