LEVI COOK et al., Plaintiffs in Error,

*vs.*

HELMS and VANDERCOOK, Defendants in Error.

ERROR TO THE COLUMBIA CIRCUIT COURT.

Motions for a new trial are mainly addressed to the discretion of the court, and this court will not interfere with such discretion unless there has been a gross abuse or palpable mistake in the exercise thereof.

Although the legal presumption is, that where a note is transferred, it is in the usual course of trade, before maturity, yet this presumption may be overborne by testimony, of the weight and effect of which the jury must determine.

Whether the transferees or indorsees of a promissory note as collateral security for an antecedent debt are *bona fide* holders within the law merchant, see authorities cited or referred to in this case. Such defence it seems may be set up.

THIS was an action of assumpsit, commenced by filing a declaration, entering a rule to plead, &c. The declaration was upon a promissory note, and was duly served with the usual rule to plead. Plea, general issue.

As the only error relied upon is based upon the alleged error of the court below in refusing a new trial, made on the ground, 1. "that the verdict was against the evidence given on the trial;" and 2. "that it was against law;" it is unnecessary to give the evidence here in detail, as the opinion sets forth sufficient to illustrate the point in judgment.

The cause of action was, a promissory note made by the defendants for $225.46, payable six months after date to the order of Dow & Burch, at their office No. 169 Broad street, New York, and dated New York, September 11, 1852. On the back of the note was the following indorsement: "Pay to Levi Cook & Co., or order. M. F. Dow & BURCH,

"LEVI COOK & Co."

It appeared in evidence that the defendant paid in full, the amount of the note to Dow & Burch, Sept. 30, 1853, and the principal question at issue was, whether the plaintiffs were *bona*

*fide* holders of the note; and also whether the same was transferred to them before due, and whether as collateral security or otherwise. The main features of the evidence, as before remarked, are stated in the opinion of the court. It was not denied that the defendants, the makers of the note, had paid the amount of it to Dow & Burch; but it was insisted that they paid it in their own wrong.

The jury rendered a verdict for the defendants, whereupon the plaintiffs moved for a new trial on the ground that the verdict was against the evidence. This motion was overruled, and judgment was entered upon the verdict, to reverse which this writ of error is brought.

*Hand & Ketchum*, for the plaintiffs in error.

*Dixon & Prentiss*, for the defendants in error.

*By the Court*, COLE, J. The only error alleged to have been committed by the Circuit Court upon the trial of this cause was, its refusal to grant the motion for a new trial. The principal ground relied on to sustain the motion was, that the finding of the jury was unsupported by the evidence given in the cause.

Motions for a new trial are mainly addressed to the sound discretion of the court in which they are made; and this court has decided, that it will not interfere and reverse a judgment, on account of an alleged error in denying such a motion; unless it appears, that there has been a gross abuse in the exercise of this discretion on the part of the Circuit Court (*State vs. Lamont*, 2 *Wis. R.* 437; *Moore vs. Lockwood*, 3 *Chand.* 41; *Davis vs. Ruggles*, 2 *id.* 152); and we cannot say that there has been such in the present case. While we are very free to acknowledge that we should have come to a conclusion, quite different from that arrived at by the jury, upon the general effect of the testimony and the facts established by it, still it must be conceded that there were circumstances and facts in the case, which tended

strongly to show that the plaintiffs were not *bona fide* holders of the note sued on, and that it was transferred to them by the payees Dow & Burch, after maturity and after it had been paid by the defendants.

The note was given Sept. 11, 1852, payable to the order of Dow & Burch, six months from date. On the 1st of February, 1854, Thomas, the corresponding clerk of the plaintiffs, notified the defendants that their note, dated Sept. 11th 1853, at six months, in favor of Dow & Burch and held by the plaintiffs, fell due on the 11th of March following, when payment was expected. Thomas says that he made a mistake in this letter in stating that the note was made in 1853 instead of 1852. Of course he made a like mistake as to the time the note became due. Still the remarkable fact is unexplained, if the plaintiffs really received this before maturity, in the way of trade, why they had taken no steps to collect it of the indorsers in New York, and why they had made no demand of payment of the makers until some ten or eleven months after it became due. It further appears that the note was not even protested, so as to hold the indorsers, which the most ordinary prudence and caution would have dictated, had the note been indorsed before maturity. Such inattention and neglect to the payment and security of notes, rarely occur among vigilant business men, and therefore lead to the inference that the plaintiffs were not *bona fide* holders of the note when it became due; otherwise they would earlier have taken steps to collect it, or at the proper time to have fixed the liability of Dow & Burch by notice and protest. It is insisted that when a note is transferred, the legal presumption arises that it was transferred in the usual course of trade, before maturity. That is a correct principle of law. It is stated in the brief of counsel, and we presume it was so, that the court thus instructed the jury. But still this legal presumption may be overborne by competent testimony, and the jury must have considered that it was overcome by circumstances proven before them.

Another view might have been taken of the case by the jury.

There was some testimony, very slight to be sure, which went to show that the note was in the possession of the plaintiffs, merely as collateral security for an existing debt of Dow & Burch. Scoville who had been a clerk for Dow & Burch, for some time before their failure in October, 1853, says that these parties were largely indebted to the plaintiffs, and that the plaintiffs had a large amount of their property as collateral security; which securities they retained after such failure. And Thomas says in his testimony, that the letter written by him to the defendants, of February 1st, 1854, was written in the regular course of his employment, and by virtue of a general direction of the plaintiffs to him, to write letters upon the Dow & Burch notes. If that were so, if the plaintiffs held this note as collateral security for a pre-existing debt, without relinquishing their right of action on such original indebtedness, or without any new consideration intervening at the time of receiving such collateral security, can they be considered *bona fide* holders within the law merchant, and is the note free from all · equities existing between the makers and the real owners of the note? Do they stand in the condition of innocent. holders of negotiable paper, for a valuable consideration and entitled to protection as such? Could not the defendants show that they had paid Dow & Burch, the real proprietors of the note? Obviously this defence could be made. See the following cases upon this point. *Bay vs. Coddington*, 5 *J. C. R.* 54; *Same case in Court of Errors*, 20 *J. R.* 637; *Wardwell vs. Howell*, 9 *Wend.* 170; *Stalker vs. McDonald, et al.*, 6 *Hill*, 93; *Petrie vs. Clark et al.*, 11 *S. & R.* 377.

The court in the case of *Fenby & Johnson vs. Pritchard* (2 *Sandf. Sup. C. R.* 151), to which we have been referred, approves the doctrine in *Bay vs. Coddington, and Stalker vs. McDonald,* but says that the principles of those cases were not applicable to the one before the court; that the giving of collateral security was one and an indispensable condition or consideration, on which the plaintiffs parted with the flour. There are some *dicta* in the opinion of Story, J., in the case of *Swift vs. Tyson* (16 *Pet. R.* 1), in opposition to the above cases, although the point,

as to whether the holder of a negotiable note, as mere security for the payment of an antecedent debt, could be considered a *bona fide* holder for a valuable consideration within the law merchant, was not raised in the cause, and was not material to the decision of the question before the court. The authorities are examined and most ably reviewed by Chancellor Walworth in the case of *Stalker vs. McDonald*, and it does not seem necessary to do more than refer to that opinion to ascertain what the law is upon this question.

Judgment of the Circuit Court is affirmed, with costs.