## STEVENS VS. CAMPBELL and others.

The right to make a case or exceptions under section 20, chap. 132, R. S. 1858, is not cut off until the expiration of ten days after actual notice in writing that a judgment has been entered; and such notice should not be considered as waived by obtaining a stipulation extending the time for making a case, when the attorney was afterwards induced to let that time expire without serving such case, by suggestions from the opposite party that a settlement could be effected so as to prevent the necessity of appealing.

A purchaser of negotiable paper before due, who takes it, without notice of any equitable defense, in absolute payment of a pre-existing debt, and surrenders a prior note held by him for such debt, is within the rule protecting a *bona fide* purchaser of negotiable paper for value.

The payee of two notes, one for $500 and the other for $1000, which were secured by a mortgage, being indebted to the plaintiff in the sum of $500, assigned to him the mortgage, and delivered the notes into the hands of a mutual agent, under an agreement that the plaintiff was to own an interest in them, equal to his debt, which was paid by such transfer, and that such payee was to continue to own the remaining interest in said notes. *Held*, that such notes were owned jointly by the parties, and that both owners were necessary parties to a suit to foreclose.

APPEAL from the Circuit Court for *Dane* County.

The case is sufficiently stated in the opinion of the court.

*Stevens & Lewis*, for appellant, to the point that the plaintiff is within the rule protecting a *bona fide* purchaser of negotiable paper, cited *Low vs. Taylor*, 4 Cush. (Miss.), 567; *Fryatt vs. Sullivan Co.*, 5 Hill, 116; Am. Lead. Cases, 344; *Stalker vs. McDonald*, 6 Hill, 93; 20 How. (U. S), 343.

*J. C. Hopkins*, for respondents, cited on that point *Coddington vs. Bay*, 20 Johns., 637; *Stalker vs. McDonald*, 6 Hill, 93; *Dickerson vs. Tillinghast*, 4 Paige, 215; and argued also that there was a defect of parties plaintiff.

*Stevens & Lewis*, in reply, contended that the plaintiff became entitled, by the assignment, to the $500 first falling due, and that the holder of the remaining interest in the notes stood in the position of a second mortgagee, and was not therefore a necessary, although a proper party, citing 3 Johns. Ch. R., 459, and 4 id., 605.

March 12.

*By the Court*, PAINE, J. The first question presented in this case is, whether the bill of exceptions is to be considered a part of the record. The respondents claim that it cannot, for the reason that it was not settled in time. The statute (chap. 132, section 20), provides that exceptions may be filed to the finding, and that a case or exceptions may be made, within ten days after notice of judgment. It is conceded here that no express notice of the judgment was served before the bill of exceptions was settled. But it appears that on the day when the decision of the judge was made, the attorneys for the defendants obtained an order staying proceedings for sixty days, and that then the time to serve a case or exceptions was further extended, by stipulation of the defendants' attorney, forty days. Both of these terms expired before the exceptions were settled, and after that, judgment was entered and notice of the taxation of costs given by the defendants' attorney to the plaintiff's attorney. The defendants claim that obtaining the stipulation for the extension of the time in which to serve the case, was a waiver of the notice of judgment, and that if not, the notice of the taxation of costs, which stated that the amount would be entered in

the judgment for the defendants, was sufficient, no excep-
tions having been filed within ten days after that.    But it
appears from an affidavit filed in connection with the stipu-
lation upon the subject, that the plaintiff's counsel were in-
duced to delay by suggestions from the principal defendant
that a settlement could be made so as to prevent the neces-
sity of an appeal. Whatever effect, therefore, might be given
to the obtaining of the stipulation for an extension of the time,
if that appeared alone, we still think that upon the facts
presented to the circuit judge, he was right in deciding that
the plaintiff had not waived his rights.    Nor do we think
the notice of taxation of costs was sufficient to cut off the
right.    That notice was not that judgment had been entered,
but simply that at a future time the costs would be taxed
and entered in the judgment.    The judgment was not in
fact entered then; and notwithstanding this notice, it might
never have been.    Where the statute provides that the party
may appeal or make his case or exceptions, until his right is
cut off by a notice of the judgment, if the other party de-
sires to defeat the right, he must give the notice, unless it is
waived expressly, or by acts of the most unequivocal nature.
*Staring vs. Jones*, 13 How. Pr. R., 423 ; *Fry vs. Bennett*, 16
id., 402 ; 4 Abbott's Pr. R., 309.

Having come to the conclusion that we may look into the
bill of exceptions, we think the judgment of the circuit court
must be reversed.    The action was brought to foreclose a
mortgage given to secure two negotiable notes, one for $500,
the other for $1,000.    The plaintiff sued as assignee and
owner of the notes.    The defense set up was, that they were
given to secure part of the payments on a purchase of cer-
tain property by the mortgagor from the mortgagee, and that
the title to an amount of the personal property exceeding the
amount of these notes, failed by reason of a previous chattel
mortgage under which it was seized..    It was also averred
that the plaintiff was not the owner of the notes, and that he
purchased them, not in good faith, but with notice.    The
court below sustained the defense, and found that the plain-
tiff held the notes " as collateral security, and was not a *bona*

January Term, *fide* holder for value." It is impossible for us to see how
1861. this finding can be sustained upon the evidence.

STEVENS          The only testimony upon the subject is that of William
v.
CAMPBELL et al. Stevens, the mortgagee and payee of the notes, who states
unqualifiedly that he was indebted to the plaintiff for $500
borrowed money, and that this mortgage was assigned to the
plaintiff upon an agreement that he was to have an interest
equal to his debt in these notes, and that he was to take the
mortgage in payment, and that he did so, and surrendered
the note which he previously held. He says also that "he
did not turn out said mortgage to the plaintiff as collateral
security for what he owed him, but in payment," &c. There
is no evidence tending to show that the plaintiff had any no-
tice of the equities set up as a defense. We think, therefore,
that the evidence entirely fails to sustain the finding in this
particular, and on the contrary, sustains the opposite conclu-
sion. And the plaintiff having taken this transfer in abso-
lute payment of a pre-existing debt, and surrendered his pre-
vious security, is a *bona fide* purchaser for value, within the
rule entitling such to protection against defenses growing out
of equities between the original parties. There has been
some conflict in the authorities upon the point, whether one
taking negotiable paper merely as collateral security for a
pre-existing debt, is a *bona fide* purchaser for value within
that rule. This conflict is referred to in *Cook et al. vs. Van-
dercook*, 5 Wis., 110 ; and it is there said that such a holder
is not protected against such defenses. But we all think
that where the holder took the paper without notice, in ab-
solute payment of a pre-existing debt, and surrendered a
prior note or other security held for such debt, as appears to
have been done in this case, that is a good purchase for val-
ue, and entitles him to protection. This is fairly implied
from the opinion of Chancellor WALWORTH, in *Stalker vs.
McDonald*, 6 Hill, 93 ; and is expressly decided by several
authorities referred to in that opinion, and in the opinion in
*Swift vs. Tyson*, 16 Peters, 15.

But it appears from the testimony of William Stevens, that
the plaintiff owns only an interest in these notes to the ex-
tent of $500. The mortgage was assigned absolutely to him,

but the notes were never delivered to him, so as to transfer
to him the entire title. On the contrary it appears that they
were sent to Ebenezer Stevens, to take up the paper held by
the plaintiff, and to arrange with him for the balance. The
arrangement made, as the deponent was informed by Ebene-
zer, was that the old note was delivered up, and these notes
and the mortgage left in Ebenezer's hands to be collected,
and the plaintiff and William Stevens each to be paid his
share. He says in answer to the 5th interrogatory, that he
delivered the notes and mortgage to Ebenezer Stevens, to
hold for the plaintiff and himself, as stated in his answer to
the 4th interrogatory; that is under " an arrangement" by
which, as we understand the testimony, each one was to be
entitled to his interest in the notes. We do not think this
shows a transfer of the entire title to the notes, either in trust
or otherwise, to the plaintiff; and consequently the owner of
the remaining interest ought to be made a party.

The counsel for the defendants states that it was admitted
by the counsel for the plaintiff, on the trial, that the plain-
tiff held the notes only as collateral security, and that the
trial proceeded on this assumption. But this does not appear
in the pleadings or the bill of exceptions; and by these we
are bound. While we think, therefore, that the circuit court
was wrong in finding as a fact that the plaintiff held the
notes as collateral security, and that if the proper parties
were before the court, he would be entitled to a judgment of
foreclosure and sale to make the amount of his interest, and
for this reason must reverse the judgment, yet we must re-
mand the cause with directions either to nonsuit the plaintiff
for want of proper parties, or allow him to amend in that
respect upon such terms as may be just, and have a new
trial.

The judgment is reversed, with costs, and the cause re-
manded to the circuit court for further proceedings in ac-
cordance with this opinion.