SHUFELDT VS. PEASE and another.

A purchaser of goods from a fraudulent vendee, whose title. is voidable on account of fraud in his purchase thereof; who takes the same in payment of a pre existing debt against such fraudulent vendee, without notice of the fraud, is a purchaser *bona fide*, and as such to be protected in his purchase against a claim to the property made by the party defrauded.

The question whether one is a *bona fide* purchaser for value, must be decided in the same way upon the same state of facts, whether he purchases one kind of property or another.

APPEAL from the Circuit Court for *Rock* County.

Action against *Pease & Ballou* for the recovery of personal property unlawfully detained. The case was tried before a jury and a verdict was rendered for the plaintiff upon which judgment was entered and the defendants appealed. It was claimed on the part of the plaintiff, that the defendant, *Ballou*, being insolvent, fraudulently purchased the goods in question of the plaintiff, with the preconceived design of not paying for them, and that he sold and delivered them to the defendant *Pease* in payment of a pre-existing debt which he owed *Pease*, and that *Pease* therefore, was not a purchaser in good faith, and was not entitled to be protected as such. A considerable evidence was given, tending to establish these facts. The circuit court instructed the jury among other things "that a person who receives goods in payment of a precedent debt, from a fraudulent vendee who has purchased them with a preconceived design of not paying for them, being insolvent at the time, could not hold them as against the vendor of such fraudulent vendee and that a person who takes such goods in payment of a prior indebtedness, is not a *bona fide* purchaser."

*B. B. Eldridge*, for appellants.

*Bennett, Cassoday & Gibbs*, for respondent. argued that *Pease* having taken the goods in question in payment of a precedent debt was not a *bona fide* purchaser and stood in no better position than *Ballou*. *Root vs. French*, 13 Wend., 570.

*By the Court,* PAINE, J. The court instructed the jury, among other things, "that a person who receives goods in payment of a precedent debt, from a fraudulent vendee, that is, from a vendee who has purchased them with a preconceived design of not paying for them, being insolvent at the time, cannot hold them as against the vendor of such fraudulent vendee; that a person who takes such goods in payment of a prior indebtedness is not a *bona fide* purchaser."

Assuming that the fraudulent vendee who obtained the goods in the manner specified in the instruction, would be guilty of such a fraud that the sale might be avoided as between him and his vendor, we still think the instruction erroneous in holding that a purchaser in good faith from such fraudulent vendee, who took the goods in payment of a pre-existing debt, was not a purchaser for value, within the rule entitling such to protection. This court has held that where negotiable paper was taken in good faith in payment of a pre existing debt, and the purchaser surrendered a prior security, he was a purchaser for a value within the rule; *Stevens vs. Campbell,* 13 Wis., 375. There is, however, a distinction between a case where the purchaser surrenders a former security, and a case where he merely receives the property on a verbal agreement that it shall be in payment of a prior debt. In the former case, he changes his position, and gives up something of value to him on the strength of the property he receives. In the latter case he does not, that is, assuming that if his title should fail by reason of his vendor's fraud in getting the goods, his debt would still remain unsatisfied. If therefore the rule protecting *bona fide* purchasers for value could be said to rest upon the fact that the purchaser has actually parted with the value which constitutes the consideration, solely on the faith of the goods received, there is a distinction between cases where the goods are taken merely in payment of a pre existing debt, and those where the purchaser advances the consideration at the time of the sale, or surrenders prior securities.

There are several cases that have urged with great force, that in the former case, the purchaser is not within the reason of the rule. *Coddington vs. Bay*, 20 Johns., 637; opinion of WALWORTH, Chancellor, in *Stalker vs. McDonald*, 6 Hill, 93.

But the authorities seem to have rejected the distinction, and to have settled down by a decided preponderance on the conclusion that such a purchaser is within the rule. *Youngs vs. Lee*, 2 Kern., 551; *Marbled Iron Works vs. Smith*, 4 Duer, 376 *Gould vs. Leger*, 5 Duer, 260; *Roxborough vs. Mesick et. al*, 6 Ohio St., 452; *Payne vs. Brusley*, 8 Cal., 260; *McCasky vs. Sherman*, 24 Conn., 605; *Blanchard vs. Stevens*, 3 Cush., 162.

These cases relate mostly to purchases of promissory notes. But the question whether one is a *bona fide* purchaser for value must be decided in the same way, upon the same facts, whether he purchases one thing or another. And it is not disputed that a *bona fide* purchaser for value from a fraudulent vendee, who acquired the goods through a note not void, but voidable only by reason of his fraud, will hold them against the original owner. The court having erred in holding that one taking such goods in payment of a pre-existing debt, was not such a purchaser, the judgment is reversed, and a new trial ordered.