The note in question was unquestionably diverted from its intended object, which was to retire a previous note executed by the same parties. For this purpose it was immaterial whether the note in suit was discounted at the Bank of Whitehall or at plaintiffs' bank. Either would have been a substantial compliance with the purpose of the parties to the note.
But Comstock, who received the note for this purpose from Russell, misapplied it, and negotiated it at the plaintiffs' bank in part for cash and in part for the purchase of the Brewster note then held by the plaintiffs' bank. This note, though good and collectable, was over due. The money he received on this negotiation of the note in suit Comstock also misapplied, appropriating it to his own use instead of towards the payment of the note at the Whitehall Bank.
But of this intended misappropriation, the plaintiffs were not advised, nor had they good ground to suspect it, or even to suppose that Comstock was not the bona fide owner of the note in suit. They were, therefore, on discounting this note, bonafide holders of it for value, at least to the extent of the sum advanced in cash on the discount; and to that extent, at all events, they would be entitled to recover in this action, having the right as creditors to appropriate the payments made by Comstock upon *Page 684 
the note upon that part of the consideration for it which was composed of the Brewster paper. But as the Brewster paper exceeded the amount of the Comstock payments, and the amount advanced in cash to Comstock on the discount was less than the plaintiffs recovered in this action, it becomes necessary to determine whether the plaintiffs are bona fide holders of the note in suit, in such a sense as to exclude the defense of its misapplication, so far as respects that part of the discount which was appropriated to the purchase of the Brewster paper.
There was no want of consideration on the part of the plaintiff to the full amount of the note in suit, in the transaction in question. The Brewster note was, though over due, good and available paper. It was worth its nominal amount, and was collectable for two years afterwards. It was a chose in action which the plaintiffs had a right to sell and transfer to Comstock. To the full extent of its value it was a valuable consideration. The circumstance of its being over-due did not detract from this value. It was not a precedent debt in the sense of commercial paper. It was not a debt against any of the parties to the present paper, nor, so far as appears, against Comstock himself. For aught we can determine, it was paper quite as valuable to the plaintiffs as that now in suit. It was parted with absolutely, and left no remedy in the hands of the bank against any of the parties to the Brewster note.
All this was, I think, parting with value, within the meaning of the cases on that subject. (See Youngs v. Lee 2 Kernan, 551; Boyd v. Cummings, 17 N.Y. 101.) Indeed it has been held in the superior court of New York that parting with value to the amount of the money advanced in cash at the time of this transfer, makes it a parting with value so as to protect it for the full amount of this note from the defense of the accommodation endorsers. (Gould v. Segee, 5 Duer, 260.) When to this is added a sale of *Page 685 
valid negotiable paper perfectly good and collectable to the amount of the whole residue of the note in suit, I think the plaintiffs are entitled to hold the recovery to its full extent.
The judgment should be affirmed.
All the judges concurring. Judgment affirmed.
 *Page 9