Davies, J.
The case contains no statement of the facts found by the court which tried the action, as required by section 267 of the code. It contains a statement of facts, signed by the presiding justice of the general term, which heard the cause on appeal, but the code furnishes no warrant for inserting such a statement in the ’case. The only instance in which a general term is authorized to make a statement of facts, is that mentioned in section 333, where, when the general term renders judgment upon a verdict taken subject to the opinion of the court, the questions or conclusions" of law, together with a concise statement of the facts upon which they arose, shall be prepared by and under the direction of the court, and shall be filed with the judgment roll, and be deemed a part thereof, for the purpose of a review in the court of appeals. In this action no verdict was taken subject to the opinion of the court, and there was, therefore, no authority for the general term of the supreme court to make up the statement of facts con *682 tained in tMs case. It is not legitimately there, and, as we have frequently said, such a statement1 is not a compliance with the requirements of section 267, and cannot be regarded as a substitute for the statement of facts required by that section. It follows that the appellants have presented no such case as the code requires, and upon which this court would be authorized to review the judgment of the supreme court. The appeal should) therefore, be dismissed with costs. If, however, the court should be inclined to pass upon the merits as disclosed by the evidence adduced on the trial, and a correct synopsis of which is contained above, the only question arising is, whether the plaintiff was a bona fide holder of the note in suit. The case of Youngs v. Lee in this court (2 Kernan, 551), would seem to have definitely settled that question. There the note in suit had been diverted from its original purpose, by Bell and Goodman, the makers. Lee, who defended that action, was an endorser of another note made by Bell and Goodman, which was about falling due, and he endorsed the note in that suit for the accommodation of Bell and Goodman, to enable them with the proceeds on the discount thereof to take up the old note, which was about falling due. Bell and Goodman, instead of doing this, transferred the note in that suit to the plaintiff therein, who held their note for $943.31, not yet due, requesting' the latter note to be surrendered to them, and that the balance should thereafter be adjusted between them. The plaintiff thereupon gave an order on the Bank, with which Bell and Goodman’s note had been deposited for collection, to deliver the same to them, and it was accordingly delivered to them the day before it fell due. This court held the plaintiffs bona fide holders of the note endorsed by Lee, and that notwithstanding its diversion, the plaintiffs were entitled to .recover. In that case the plaintiffs only demanded the note of Bell and Goodman, the makers of the new note received on such surrender. In this case this plaintiffs- not only *683 transferred and gave in exchange money, but an available and valuable note of other and third parties, not connected with or liable upon the note received on such exchange. The plaintiff was, therefore, a bona fide holder of the note in suit, and it was not received under such circumstances as called upon the plaintiff to institute any inquiries 'as to Comstock’s right to the possession of it, or to procure its discount.
On,the merits, therefore, I have no doubt the judgment should be affirmed.
Hogeboom, J.
The note in question was unquestionably diverted from its intended object, which- was to retire a previous note executed by the same parties. For this purpose it was immaterial whether the note in suit was discounted at the Bank of Whitehall or at plaintiffs’ bank. Either would have been a substantial compliance with the purpose of the parties to the note.
But Comstock, who received the note for this • purpose from Bussell, misapplied it, and negotiated it at the plaintiffs’ bank in part for cash and in part for the purchase of the Brewster note then held by the plaintiffs’ bank. This note, though good and collectable, was over due. The money he received on this negotiation of the note in suit ' Comstock also misapplied, appropriating it to his own use instead of -towards the payment of the note at the Whitehall Bank.
But of this intended misappropriation, the plaintiffs were not advised, nor had they good ground to suspect.it, or even to suppose that Comstock was not the bona fide owner of the note in suit. They were, therefore, on discounting this note, bona fide holders of it for value, at least to the extent of the sum advanced in cash on the discount; arid to that extent, at all events, they would be entitled to recover in this action, having the right as creditors to appropriate the payments made by Comstock upon *684 the. note upon that part of the consideration for it which was composed of the Brewster paper. But as the Brewster paper exceeded the amount of the Comstock payments, and the amount advanced in cash to Comstock on the discount was less than the plaintiffs recovered in this action, it becomes necessary to determine whether the plaintiffs are bona fide holders of the note in suit, in such a sense as to exclude the defense of its misapplication, so far as respects that .part of the discount which was appropriated to the purchase of the Brewster paper.
There was no want of consideration on the part of thn plaintiff to the full atiiount of the note in suit, in the trans action in question. The Brewster note was, though over due, :good and available paper. It was worth its nomina* amount, and was collectable for two years afterwards. 1* was a chose in action which the plaintiffs had a right U» sell and transfer to Comstock. To the. full extent of it» value it was a valuable consideration. The circumstance of .its being over-due did not detract from this value. B was not a precedent debt in the sense of commercial paper. It was not a debt against any of the parties t*> the- present paper, nor, so far as appears, against Com-stock himself. For aught we can determine, it was papes quite as valuable to the plaintiffs as that now in suiL It was parted with absolutely, and left no remedy ia the hands of the bank against any of the parties to the Brewster note.
All this was, I think, parting with value, within the meaning of the cases on that subject. (See Youngs v. Lee 2 Kernan, 551; Boyd v. Cummings, 17 N. Y. 101.) Indeed it has been held in the superior court of Hew York that parting with value to the amount of the money advanced in cash, at the time of this transfer, makes- it a parting, with value so as to protect it for the full amount of this note from the defense of the accommodation endorsers. (Gould v. Segee, 5 Duer, 260.) When to this is added a sale of *685 valid negotiable paper perfectly good and collectable to the amount "of the whole residue of the note in suit, I think the plaintiffs are entitled to hold the recovery to its full extent.
The judgment should be affirmed.
All the judges concurring. Judgment affirmed.