IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

---o---

JENKINS VS. SCHAUB and others.

January Term, 1861.

Where a negotiable note is indorsed by the payee as collateral security for an *antecedent* debt which is not discharged but still remains unsatisfied, and no new consideration intervenes at the time of the transfer, the indorsee holds the note subject to all defenses which existed between the maker and the payee.

Where the indorsee testified that he received the assignment of the note in consideration of moneys previously loaned by him to the assignor, and took the note to get his pay out of it, without stating that he took it in *payment* of any portion of the assignor's indebtedness to him, or that such indebtedness had been to any extent discharged or cancelled, the jury would have been authorized to find upon this evidence that the note was taken merely as collateral security for a pre-existing debt.

Where evidence that the indorsee took the note merely as collateral security for an antecedent debt was admitted on the trial of an action by the indorsee against the makers, *without objection*, although the answer did not allege that the note was so taken, it was error for the court afterwards to exclude evidence offered to show a good defense as between the makers and the payee.

JENKINS
v.
SCHAUB et al.

APPEAL from the Circuit Court for *Milwaukee* County. Action on a promissory note made by the defendants, October 1, 1855, payable four years from date, to Ebenezer Jenkins, or bearer, and alleged to have been indorsed by him to the plaintiff, *William H. Jenkins*, before it fell due. The defense was that the note was given without consideration; that it was still owned by the payee, who had indorsed

it to the plaintiff after it fell due, for the purpose of cutting off the defense; and that the plaintiff received the note with knowledge of all the facts. On the trial, the plaintiff read in evidence the note, with the following indorsements: "Pay the within to William H. Jenkins or order. Sept. 14, 1859. EBENEZER JENKINS." "For a valuable consideration to me paid by William H. Jenkins, I do hereby sell, assign and transfer to him all my right and interest in the within note, this 14th September, 1859. EBENEZER JENKINS." The defendants then offered "to prove that the note was given without consideration, and also to prove all the allegations of the answer except those relating to the ownership of the note and the transfer of it to the plaintiff"; but the testimony was ruled out. They then read in evidence the deposition of the plaintiff (the substance of which is stated in the opinion of the court), and again offered to make the same proof which had previously been rejected, stating that they should ask leave, under instructions from the court, to submit to the jury upon the evidence, the question whether or not the note was taken by the plaintiff virtually as collateral security for a pre-existing debt due to him from the payee; but the court decided that there was no evidence from which the jury would be authorized to find that it was so taken, and excluded the proof offered. Under instructions from the court, the jury found for the plaintiff. Judgment on the verdict.

*Small & Cogswell*, for appellants, contended, among other things, that the indorsee of a note under circumstances like those shown in this case, is not a holder for value, and takes it subject to all the equities between the maker and the payee, citing *Bay vs. Coddington*, 5 Johns. Ch. R., 54; *Stalker vs. McDonald*, 6 Hill, 93; Edwards on Bills, 56, and cases there cited; 2 Am. Lead. Cases, 158; *Cook vs. Helms*, 5 Wis., 107; and that after such circumstances had been shown, the court erred in ruling out the second offer of evidence showing that the note was without consideration.

*Emmons, Van Dyke & Hamilton, contra,* insisted that the court rightly rejected the testimony so offered, because there was no evidence before the jury to authorize them in finding

that the plaintiff held the note as collateral security for a pre-existing debt; and because no such defense was set up in the answer.

*By the Court*, COLE, J. It appears that on the trial of this cause the counsel for the appellants offered a witness for the purpose of proving that the note sued on was given without consideration, and also to .establish the several allegations in the answer, except those relating to the ownership of the note and the transfer of the same to the respondent—stating that he should ask leave of the court, under instructions, to submit the question to the jury, whether or not the note was taken by the respondent virtually as collateral security for a pre-existing debt due from the payee to the respondent at the time of the transfer; but the court held that there was no evidence in the case from which the jury would be authorized to find that the note was taken as collateral security for a pre-existing debt due the respondent from the payee, and excluded the testimony offered. The proposition of law, that if the respondent held the note merely as collateral security for an antecedent debt which is not discharged but still remains unsatisfied, and no new consideration intervened at the time of the transfer, then he is not entitled to protection, but the defense set up in the answer is available, is not made a question, or controverted. The question discussed, however, is: Was there any evidence in the case to which such a principle of law was applicable, and which would authorize a jury in finding that the respondent was not a *bona fide* holder of the note, but held the same merely as collateral security for a pre-existing debt? If so, the decision of the circuit court was erroneous, and there must be a new trial. In view of the offer of testimony made, and of the ruling of the court upon this offer, it is obvious that the case does not present for solution a question of law, but rather a consideration of what facts the evidence given tended to establish. And upon this point we have no hesitation in saying that to our minds the evidence tends very strongly to show that the respondent was not a *bona fide* holder of the note. Even his own testimony, we think,

January Term, 1861.

JENKINS
v.
SCHAUB et al.

would authorize a jury in finding that he received the note merely as collateral security for the payment of the money he had loaned his father in the years 1855, 1856 and 1857. He says, in effect, that the consideration of the assignment of the note was this money previously loaned; that he had the note to get his pay out of it, and that he was the legal owner of the note and had been since it was transferred to him on or about the 14th day of September, 1859. But he does not say, what it would be very material that he should, if it were so, that he took the note in payment of a portion of the existing indebtedness of his father, and that such indebtedness had been to that extent discharged and cancelled. For if he has parted with nothing of value for the note, if the original indebtedness still remains undischarged, and he has lost no rights, then a failure of consideration is a good defense to the instrument in his hands. Besides there are other circumstances in respect to the time and manner of the transfer of the note, which tend to show that the respondent is not a *bona fide* holder for value. The note was given October 1, 1855, and made payable, four years from date, to the father of the respondent, or bearer. About twenty days before it became due the note was indorsed by the payee to the respondent. At the same time a written assignment of the note was made, assigning and transferring it to the respondent, stating that the note was assigned for a valuable consideration. These unusual efforts to transfer the note, payable to bearer, first by indorsement and then by assignment stating that it is for a valuable consideration, tend rather to awaken than to allay suspicion in regard to the *bona fides* of the transaction.

A question is raised as to the sufficiency of this defense, because the appellants by their answer raised no issue as to whether the respondent took the note as collateral security for a pre-existing debt. But the testimony on this point was admitted without objection. For the reasons above given, we think there should be a new trial.

The judgment of the circuit court is reversed, and a new trial ordered.