## BOWMAN VS. VAN KUREN.

*Accommodation indorser—Bona fide holder—Deposition—General objection to evidence.*

29 209
86 169
29 209
88 39
29 209
89 393
29 209
91 482
29 209
92 281
29 209
94 454
29 209
102 435
29 209
105 387

1. It is no objection to a deposition that the commissioner's certificate does not state the title of the cause or the court in which the deposition is to be used, where those facts sufficiently appear from the commission itself, duly returned.

2. The requirement that the commissioners shall certify that the witness "was duly sworn before giving his evidence," (C. C. Rules, No. 61) is fully satisfied by a certificate "that said deponent, before examination, was by me sworn to testify the whole truth and nothing but the truth relating to said cause."

3. In an action on a promissory note by one who claimed as indorsee, an answer that the note was never indorsed and delivered to plaintiff, or to any one for her; that she was not the owner and holder of it, and had no property in it; and that possession of it was obtained by her husband as her agent, by fraud and without the knowledge or consent of either the maker or the defendant (the alleged indorser)—states a good defense.

4. The admission of evidence under such an answer tending to show that the defendant was an accommodation indorser, and the plaintiff not a *bona fide* holder for value, is not an error of which the plaintiff can avail himself on appeal, if he made no specific objection thereto, but merely objected generally to the reception of any evidence under the answer because it did not state a defense, or to the evidence offered as being incompetent.

5. The objection that the evidence tends to prove a different defense from that stated in the answer, should be taken specifically, so that the court may exercise its discretion as to permitting an amendment of the answer.

6. Where the evidence admitted establishes a good cause of action or defense, on the merits, which is not alleged in the pleadings (no specific objection having been made to the evidence on that ground), if it appears that justice has been done, and that there was no surprise or improper advantage taken, the verdict and judgment will not be disturbed on appeal, but an amendment will be directed, or it will be considered as though the pleading had been amended in the court below. The defect in such a case does not "affect the substantial rights of the adverse party." R. S., ch. 125, sec. 40.

7. Where an accommodation indorsement was made for a specific purpose, and the note was negotiated by the maker in violation of the agreement with the indorser, the holder cannot recover unless he took the note in good faith for a valuable consideration, without notice of the agreement.

8. Where a debt is created without any stipulation for further security, and the debtor afterward, without any obligation to do so, voluntarily transfers a negotiable instrument to secure the pre-existing debt, and both parties are in *statu quo* in respect to such debt, no new consideration, stipulation for delay or credit being given, or right parted with, by the creditor, he is not a holder of the collateral for value in the usual course of trade, so as to be protected against any equities existing against it at the time of the transfer.

9. The mere transfer of such collateral to the creditor raises no presumption of a stipulation for further time on the pre-existing debt, which will operate to defeat the equities of the maker or indorser existing at the time of such transfer.

10. Where the jury were instructed that they must find for the defendant if they should find certain facts, but the instruction omitted one fact which was essential to the defense, this is not error which will reverse the judgment if that fact was in proof, and there was no dispute or conflict of evidence in regard to it.

APPEAL from the Circuit Court for *Fond du Lac* county.

Action to charge the defendant as indorser of a promissory note made by one Coffeen and payable to defendant's order, of which the plaintiff claimed to be the lawful owner and holder. The complaint was in the usual form in such cases. The answer admits the making and indorsement of the note and waiver of protest and notice, but denies that said note was delivered to the defendant; that he, for value received, indorsed and delivered it to the plaintiff; or that the plaintiff is the lawful owner and holder thereof. 2d. It alleges that said note is not the property of the plaintiff; that the same was never issued and delivered to her or to any one for her, but, on the contrary, that the husband of the plaintiff, who was, and acted as her agent, obtained the possession of said note by fraud, and without the knowledge or consent of the maker or this defendant, or either of them. 3d. It alleges that the plaintiff held such note only as collat-

eral security for other notes, and that such other notes had been paid.

Before the trial, the plaintiff objected to the deposition of Coffeen, the maker of the note, taken on the part of the defendant; first, because the certificate of the commissioner did not give the title of the cause or the court in which it was taken to be used; and secondly, because the certificate did not state that the witness was duly sworn or affirmed before giving his evidence; which objections were overruled.

The plaintiff produced the note with the defendant's indorsement and waiver of protest and notice, and proved the amount due, and the defendant moved for a nonsuit, which motion was denied.

The plaintiff then "objected to any evidence being received under the answer of the defendant setting up new matter, because the facts therein alleged did not constitute a defense;" which objection was overruled. The defendant then introduced the deposition of Coffeen, in which he testified that the note was made by him, and indorsed by the defendant at his request, for the purpose of taking up another note, which the defendant had indorsed for him; that he did not use it for that purpose, but put it in a drawer at his store, intending to destroy it, and did not deliver it to any one; that the plaintiff's husband took it from such drawer, and threatened to sue the firm of which he was a member, on other notes, unless he allowed him to retain that as security; that plaintiff had given him a written statement relative to this and other notes; that he had let her have property on account thereof, and there would be something due him from the plaintiff if his partner had paid the firm notes, as he understood he had; and that neither he nor the defendant, nor any other person, ever received any consideration for the note in suit. The plaintiff interposed objections to several of the interrogatories and answers, all of which were in general form, and were overruled.

The defendant himself testified that he indorsed the note for

the accommodation of the maker, and for the purpose stated in the deposition, and did not know, when he waived protest, for what purpose it had been used. He also introduced evidence tending to show that the notes for which the plaintiff held the note in suit as collateral, as shown by her written statements, had been paid.

The testimony of the plaintiff's husband, who was admitted as a witness against the objection of the defendant, tended to rebut the deposition, and to show that the note in suit was delivered to him by the maker to secure other notes held by the plaintiff against the latter, not embraced in such statement, which notes he produced; and that neither he nor the plaintiff had any knowledge or information that it was given or indorsed for any other purpose than as security for the plaintiff. A receipt given by the witness, as agent for the plaintiff, which describes the note in suit, and acknowledges that he received it from the maker, "taken as security on what he had previously borrowed of me," was identified by him, and introduced in evidence.

The court refused to charge the jury, as asked by plaintiff, "That if the jury find that the indorsement of the note by the defendant was for the accommodation of H. L. Coffeen, and Coffeen gave it to the plaintiff as collateral security for a debt due the plaintiff from Coffeen, the plaintiff has a right to recover thereon, unless the indebtedness for which it was given as security has been paid." It gave the following instructions, to which the plaintiff excepted: "If the jury find that the defendant is an accommodation endorser, and that the plaintiff took the note and held it as collateral security for a precedent debt, then the plaintiff is not a *bona fide* holder for value, and holds the same subject to all the equities existing between the parties."

"If the jury find the note was taken by the plaintiff to secure a precedent debt, and nothing was paid at the time, nor the original debt in any way discharged, and that the

defendant is an accommodation endorser, then the plaintiff cannot recover."

"If the jury find that the note in suit was given to secure other notes than the $420 and $100 notes described by the witness Bowman, and not to secure these two last notes, and that the notes this was given to secure have been paid, the plaintiff cannot recover."

A verdict was rendered for defendant, a motion for a new trial denied, and judgment entered in accordance with the verdict; from which plaintiff appealed.

*A. M. Blair*, for appellant, argued that the first objection to the deposition of Coffeen should prevail, unless the commission under which it was taken be considered a part of it; and that the certificate was insufficient, and not in compliance with circuit court rule 61; that the denials in the first answer amount to nothing; that the second answer does not deny any part of the complaint, nor state any fact, but merely states a conclusion of law; and that the third answer is inconsistent with the second, and payment is not sufficiently alleged to constitute a defense; that although the note in suit may have been made for a particular purpose, there was no evidence of a restriction put upon its use; that even if it was accommodation paper, restricted to a particular use, a party taking it as collateral security, without notice of the restriction, could enforce it; citing, *Bank of Rutland v. Buck*, 5 Wend., 66; *Grandin v. Le Roy*, 2 Paige, 509; *Lathrop v. Morris*, 5 Sandf., 7; *De Zing v. Fyfe*, 1 Bosw., 335; *Robbins v. Richardson*, 2 id., 248.

*D. W. C. Priest*, for respondent.

[No brief on file.]

DIXON, C. J. There was no error in receiving the deposition of the witness H. L. Coffeen, taken on commission in the State of Minnesota. Counsel for the plaintiff frankly concedes in his brief that the first objection, that the certificate of the commissioner did not give the title of the cause or the court in

which the deposition was taken to be used, "may not prevail, and probably will not, if the court shall consider the commission under which it was taken, a part of the deposition, as that states the court in which the cause was pending and the names of the parties to the action." Such is the consideration of the court; and so this objection fails.

The other objection was, that the commissioner did not certify in the words of Rule 61, Circuit Court Rules, 1849, that the witness " was duly sworn before giving his evidence." Instead of this the commissioner certified " that such deponent, before examination, was by me sworn to testify the whole truth and nothing but the truth relating to said cause." Such certificate was fully equivalent to, and expressed at length and more explicitly the idea intended to be conveyed by the words of the rule. The meaning of the words " were duly sworn," found in the rule, and when used in a certificate, no doubt is, that just such an oath was administered before giving evidence, as the commissioner here certified he did administer. See *Sydnor v. Palmer*, a decision of even date herewith.

The objection to any evidence being received under the answer setting up new matter, because the facts therein stated did not constitute a defense, was unfounded. The answer did state a defense, by alleging that the note was never indorsed and delivered to the plaintiff or to any one for her, that she was not the owner and holder of it and had no property in it, and that the possession of it was obtained by her husband as her agent, by fraud and without the knowledge or consent of the maker, or the defendant, or either of them. This was not, however, the defense upon which the defendant prevailed ; and for the purposes of that defense it must be admitted the answer was radically defective. But the objection was not so made as to suggest or meet that point. The case turned upon the primary and most important fact, well established in evidence, that the defendant was an accommodation indorser of the note, of which fact the answer contained no statement nor even an

intimation of any kind. It needed but the statement of this fact, and that the plaintiff was not a *bona fide* holder for value of the note, to let in the evidence upon which the jury found, under the instructions of the court, that the defendant was not liable to the plaintiff as upon the contract of indorsement. As the objection was not such as to indicate or point out the real defects in the answer, and since, if they had been pointed out, they might, and it is altogether likely, would have been obviated by an amendment, we think the plaintiff can have no benefit of his exception on this appeal.

And the objections to evidence were of much the same character. They were general, and did not indicate the ground of inadmissibility, which, if they had, would have been obviated by the same amendment. Where evidence has thus been admitted, being only generally objected to, and the same was in strictness inadmissible on technical grounds, as that the complaint, answer or other pleading did not properly or sufficiently state the facts, or contained no statement, yet the testimony being admitted, established a good cause of action or defense on the merits, and it appearing that justice has been done, and that there was no surprise or improper advantage taken, in such case the verdict and judgment will not be disturbed or reversed on appeal, but an amendment will be directed, or it will be considered as if the pleading had been amended in the court below. This point is settled by *Smith v. Whitney*, 22 Wis., 438, where the majority of the court agree that the objection was waived where the party appeared and failed to take the proper exception in the court below. The exception here was not the proper one. The objection was not such as to direct the attention of the court to the precise ground of inadmissibility, while, if the objection had been so made, the defect might have been remedied in the manner above suggested. And upon the same question, see *Neis v. Franzen*, 18 Wis., 537; *Tomlinson v. Wallace*, 16 id., 224; *Mead v. Bagnall*, 15 id., 162; and *Bogert v. Phelps*, 14 id., 88. See also 20 Wis., 149 and 246, and cases there

cited. The omission or defect of pleading in such case, it appearing that the party has had a full and fair trial and opportunity to prosecute or defend on the merits, becomes a mere formal one, which affects no substantial right, and for which the statute declares no judgment shall be reversed or affected. R. S., ch. 125, sec. 40; *Decker v. Trilling*, 24 Wis., 615; *Morrison v. Austin*, 14 id., 603; *McIndoe v. Hazelton*, 19 id., 572, 573; *Warren v. Gordon*, 10 id., 500; *Warren v. Foreman*, 19 id., 38.

And there was no error in the charge of the court to the jury, nor in the refusal to give the special instruction asked by the plaintiff. There was evidence tending to show that the accommodation indorsement was made by the defendant for a special purpose, and that the paper had been diverted by delivery to the plaintiff. Where such is the nature of the indorsement, and the note has been negotiated by the maker in violation of the agreement between him and the indorser, the settled rule of law seems to be, that the holder cannot recover against such indorser, unless he received the note in good faith and for a valuable consideration, and without notice of the agreement. *Small v. Smith*, 1 Denio, 583; *Palmer v. Richards*, 1 Eng. Law and Eq. R., 529; Edwards on Bills and Promissory Notes, 316, 317. There was also evidence tending to show that the plaintiff received the note without knowledge of the particular purpose for which it was indorsed. But the court below withheld the consideration of both these questions from the jury, by treating the case and charging the jury as if it were an unrestricted accommodation indorsement, which was more favorable to the plaintiff than a strict application of the law to the facts proved, or which the evidence tended to prove, would have justified, in case the jury had found a verdict in favor of the plaintiff. It removed all obstacles in the way of a recovery growing out of the restricted character or particular purpose of the indorsement, and out of the manner in which it was claimed the plaintiff obtained possession of the note. Relieved of these objections, the cause was submitted as if it was an indorsement

without limitation, or one which the maker of the note was at liberty to make use of or negotiate for his own benefit or advantage in any manner he saw fit.   The court charged the jury: "If the jury find the note was taken by the plaintiff to secure a precedent debt, and nothing was paid at the time, nor the original debt in any way discharged, and that the defendant is an accommodation indorser, then the plaintiff cannot recover."

An examination of the testimony on the part of the plaintiff, which was that of her husband, who acted as her agent in the transaction, and which would seem to be fully reported, fails to disclose any evidence on her part, proving or tending to prove that the precedent debt or any part of it was discharged, or that there was any stipulation, express or implied, of further time to pay it, or any change of securities, or any new liabilities assumed or present rights relinquished, or, in short, that there was any consideration whatever, given or received, for the transfer of the note, except the pre-existing debt, with respect to which the parties remained in the same situation as before, save only such additional rights or security as the plaintiff may have acquired by the transfer.   It is true, the witness spoke of some money loaned to Coffeen, the maker, at the time, and for the security of which the note in suit was delivered; but the jury, under the instruction, must have found the contrary.   The receipt given for the note in suit at the time it was transferred, together with the promissory notes for the security of which the transfer was made as claimed by the plaintiff, all of which were given in evidence by her, tended very strongly to show that there was no new loan or advance of money at the time.   The two notes bore date prior to the date of the receipt, and the receipt stated the note in suit, "received" from the maker, was "taken as security on what he had *previously* borrowed of me."

Now, in view of the evidence or the facts which it tended to prove, it seems very clear to us the law of the case, except in the particulars where the plaintiff was too greatly favored, was correctly stated and given to the jury in the foregoing instruc-

tion. It is true, there are occasional *dicta* to be found in the books, and perhaps one or two exceptional decisions, to the effect that the *mere* deposit or pledge of accommodation paper as collateral security for a pre-existing debt, constitutes the pledgee or creditor a *bona fide* holder for value of the paper, within the meaning and policy of the commercial law. Such are the *dicta* in *Robbins v. Richardson*, 2 Bosw., 253; *Cole v. Saulhough*, 48 Barb., 105; and in *Lathrop v. Morris*, 5 Sandf., 9. And such seems to have been the point decided in *De Zang v. Fyfe*, 1 Bosw., 335. The case of *Grandin v. Le Roy*, 2 Paige, 509, is so imperfectly reported that we are not informed what the particular facts in relation to the transfer were, or whether there was any new consideration moving between the parties at the time, but from our knowledge of the views of Chancellor WALWORTH as to the question, expressed by him in *Stalker v. McDonald*, 6 Hill, 93, and other cases, we must presume that there was some statement in the answer or other evidence of such consideration. Aside from the support supposed to be given to the proposition by these cases, we know of no adjudications or authority sustaining it. On the contrary, the strong and almost unbroken current of authority, in New York as well as elsewhere, seems to be directly against it. And we think the decided weight of reason favors the same conclusion. *Roxborough v. Messick*, 6 Ohio St., 448; *Bramhall v. Beckett*, 31 Maine, 205; *Jenness v. Bean*, 10 N. H., 266; *Williams v. Little*, 11 id., 66; *Prentice v. Zane*, 2 Gratt., 262; *Petrie v. Clark*, 11 S. & R., 377; *Kirkpatrick v. Muirhead*, 16 Pa. St., 117; *Kimbro v. Lytle*, 10 Yerg., 417, 428; *Brooks v. Whitson*, 7 Smedes & Marsh., 513; *Chicopee Bank v. Chapin*, 8 Met., 40; *Thompson v. Shepard*, 12 id., 311; *Washington Bank v. Lewis*, 22 Pick., 32; *Brush v. Scribner*, 11 Conn., 388; *Smith v. Babcock*, 2 Wood & Minot, 288; *Bay v. Coddington*, 5 Johns. Ch., 54; *Coddington v. Bay*, 20 Johns, 637; 9 Wend., 170; 10 id., 85; 12 id., 593; 13 id., 65; 21 id., 499; 24 id., 115; 1 Hill, 513; 2 id., 301; 39 Barb., 577; 49 id., 542.

Of the cases thus referred to, the two first will be found particularly valuable and interesting discussions of the questions, and in which the authorities are numerously collected and examined. They resulted in laying down what we regard as two clearly correct propositions of law, which, as stated in the first, are as follows:

1. When the note of a third person is transferred, *bona fide*, before due, as collateral security, and for value, such as in consideration of a loan, or advancement, or a stipulation, express or implied, of further time to pay a pre-existing debt, or in consideration of a change of securities of a pre-existing debt, or the like, the holder of such collateral will be protected from infirmities affecting the instrument before it was thus transferred.

2. But when a debt is created, without any stipulation for further security, and the debtor afterward, without any obligation to do so, voluntarily transfers a negotiable instrument, to secure the pre-existing debt, and both parties are left, in respect to the pre-existing debt, in *statu quo*, no new consideration, stipulation for delay, or credit being given, or right parted with by the creditor, he is not the holder of the collateral for value, in the usual course of trade, and receives it subject to all the equities existing against it, at the time of the transfer.

The present case, according to the facts proved, or so far as there was any evidence tending to prove them, fell clearly within the principle of the second proposition. The jury having found there was no money borrowed by the debtor at the time of the transfer, there was then no new consideration of any kind, unless it might be said the consideration of forbearance on the part of the plaintiff, for which there was not the slightest evidence of any express agreement or stipulation. An implied agreement to that effect might possibly be shown by circumstances, as when the creditor is pressing his debtor for payment or security, and upon the transfer being made, grants him indulgence or forbears to urge his demand on account of it; but no such facts were shown in this case. *De Zang v. Fyfe,*

*supra*, was such a case. In *Atkinson v. Brooks*, 26 Vt., 569, the court seem to have held that forbearance, or an agreement for extension or delay of time of payment of a debt past due, is to be implied from the mere fact of the transfer of the collateral. This seems to us to be going very far; and if anything short of an express stipulation, valid in law, extending the time, is to be held sufficient to constitute the creditor a *bona fide* holder for value, it would seem that it should only be where the proof of other facts and circumstances is so clear as to leave no doubt as to the understanding and intention of the parties. But upon these points we forbear to express any opinion further than that the mere transfer of the collateral raises no presumption of a stipulation for further time to pay a pre-existing debt, which will operate to defeat the equities of the maker or indorser, as the same existed before the transfer was made; which is all it is necessary to decide in this case.

The decisions of this court, so far as any have been made bearing upon the question under consideration, are quite in harmony with the views thus expressed. *Cook v. Helms*, 5 Wis., 107; *Jenkins v. Schaub*, 14 Wis., 1; *Stevens v. Campbell*, 13 Wis., 375; *Shufeldt v. Pease*, 16 Wis., 660. Of these cases, *Jenkins v. Schaub*, may be said to be fully in point, and directly to sanction the instruction of the court below, which we have been considering.

The other instructions require a passing notice. In view of the facts in evidence before the court and jury, we understand the first instruction to signify the same as if the court had said that the taking and holding of the note *merely* as collateral security for a precedent debt would not make the plaintiff a *bona fide* holder for value.

And the last instruction or point charged, we understand also to have been given and received subject to the qualification, or fact to be found by the jury according to the previous instructions, that the defendant was an accommodation indorser of the note. That was a fact about which there was in reality no dis-

pute and no conflict of evidence ; and it is very obvious the jury must have understood that it was upon that hypothesis only, or in case they so found, that their verdict should be for the defendant upon their also finding the other facts submitted in that instruction.

*By the Court.*—Judgment affirmed.