## Case No. 6,751.

### In re HOWARD et al.

[6 N. B. R. 372.] [1]

District Court, D. Maryland. 1873.

BANKRUPTCY—PROOF OF DEBTS—FAILURE OF CONSIDERATION.

A. sent certain notes to B., which were endorsed by C., to be discounted and the proceeds placed to his (A's) credit. He drew against them by certain drafts in favor of C., which B. failed to pay. C. was subsequently adjudged a bankrupt, and B. sought to prove his claim against the bankrupt for the notes sent to him by A., but the assignee refused to allow it. On the petition of B. to review the action of the assignee in refusing to allow the claim to be proved, the court held, that inasmuch as the drafts were not paid, B. had no right to retain the notes, and, therefore, there was a failure of consideration. Claim rejected.

GILES, District Judge. The petition of F. Skinner & Co., of Boston, to review the action of the assignee in refusing to allow the claim of the petitioners as proved, and for an order allowing the same, &c. To this petition the assignee files an answer, stating that the claim of the said petitioners is not a valid claim against the said bankrupt estate, because the said notes, on which it is founded were passed by Howard, Cole & Co. to J. S. Barry & Co. under a special agreement, and were only to be used for a particular purpose, and without any consideration passing from Barry & Co. to Howard, Cole & Co.; that under this special agreement, they were sent to the said petitioners by Barry & Co., by letter of the twentieth of November, eighteen hundred and sixty-nine, to be discounted by said petitioners, and out of the proceeds sight drafts to the amount of ten thousand dollars, in favor of Howard, Cole & Co., were to be paid, which was not done, but said petitioners placed the proceeds of said notes to the credit of Barry & Co. on their general running account, without any further payment or credit being given by them to Barry & Co.; and that

[1] [Reprinted by permission.]

therefore the said petitioners have no valid claim to hold the said notes, or prove them against the bankrupt estate of Howard, Cole & Co. Two commissions have been issued in this case, one to Boston and the other to New York, under which much testimony has been taken. But the question in this case lies within a very narrow limit, and depends entirely on the circumstances under which these notes were passed by Barry & Co. to the petitioners, F. Skinner & Co. Are they such as to render them the bona fide holders of the said notes for a valuable consideration?

Now, the evidence shows clearly that these notes were drawn and endorsed by said Howard, Cole & Co., and by them passed over to Barry & Co., under an agreement that said Barry & Co. were to get them cashed, and to divide the proceeds equally between the two houses. There is no evidence to show that this agreement was known to the petitioners when they received the said notes. We have the evidence of John S. Barry, of the firm of Barry & Co., and the evidence of Edward F. Cutter, of the firm of F. Skinner & Co., and also the letter from Barry & Co. to the petitioners, enclosing the said notes. Does the evidence show that petitioners received these notes under circumstances which make them the bona fide holders of the same, free from any equities between Howard, Cole & Co. and Barry & Co.? The letter of the twentieth of November, eighteen hundred and sixty-nine, must settle this question, for although Cutter swears that he understood that these notes were to be discounted, and the proceeds credited to the house of Barry & Co., on their running account, yet, as it is not pretended, that, outside of said letter of the twentieth of November, there was any special agreement to that effect, can such agreement be found in the terms of the said letter? What are they? "We beg to advise our drafts on you direct, in favor of Howard, Cole & Co., five thousand dollars; ditto, five thousand dollars; R. Mickle, ten thousand dollars, in all twenty thousand dollars, which please honor and oblige. We inclose, herewith, a batch of good paper, amounting to twenty-six thousand seven hundred and six dollars, which please pass for us. Against this, and the former lot of one hundred and nine thousand and forty-two dollars and seventy-five cents, our total drawings to date, including the above named drafts (and draft advised to-night in another letter, in favor of your New York house) amount to one hundred and twenty-five thousand dollars in all, and all duly advised." To this letter, petitioners reply: "November twenty-second, eighteen hundred and sixty-nine: Your favors of the twentieth are at hand, covering notes amounting to twenty-six thousand seven hundred and six dollars and four cents."

This was a clear adoption of the terms of the letter of the twentieth November. Petitioners could not set up afterwards any claim inconsistent with it. Is not the true construction of the letter of the twentieth November this: "We send you a batch of good paper, amounting to the sum of twenty-six thousand seven hundred and six dollars, to be discounted by you, and against the proceeds of which we have drawn on you three drafts at sight, two for five thousand dollars each, and one for ten thousand dollars." Now the evidence shows that the petitioners never paid these drafts, but that they were protested and returned. What claim can they now set up to retain these notes? To sustain their claims, I am referred by their learned counsel to three decisions of the supreme court: To the case of Swift v. Tyson, 16 Pet. [41 U. S.] 1; Bank of the Metropolis v. New England Bank, 1 How. [42 U. S.] 234; and Goodman v. Simonds, 20 How. [61 U. S.] 343. The case of Swift v. Tyson decided, that where a party took a negotiable instrument before its maturity in payment of a pre-existing debt without any notice of facts which impeach its validity as between the original parties to the same, he holds it unaffected by these facts, and could recover on it, although, as between the antecedent parties, the note was without any legal validity.

In the case in 1 How. [42 U. S.] 234, the supreme court held that where there have been for several years mutual and extensive dealings between two banks, and an account current kept between them in which they mutually credit each other with the proceeds of all paper remitted for collection when received, and accounts regularly transmitted from one to the other and settled upon these principles, and upon the face of the paper transmitted, it always appeared to be the property of the respective banks, and to be remitted by each of them on its own account; there is a lien for general balance of account upon the paper thus transmitted, no matter who may be its real owner. And to show why it is so, Taney, J., in delivering the opinion of the court, says: "If an advance of money had been made upon this paper to the Commonwealth Bank, the right to retain for that amount would hardly be disputed. We do not perceive any difference in principle between an advance of money and a balance supposed to remain upon the faith of these mutual dealings."

The evidence in this case shows that no further payment or credit was given by the petitioners to Barry & Co. for or on account of these notes. In the case of Goodman v. Simonds [supra], the supreme court affirmed their ruling in the case of Swift v. Tyson [supra], with this addition, that the surrendering of collateral securities, previously given, and affording increased indulgences as to time, furnish a sufficient consideration for the transfer of the paper, and passes it to the party unaffected by any prior equities between the original parties to the same.

There must be some present consideration at the time of the transfer. The petitioner must show that he paid value when he took it, or incurred some responsibility, or relinquished some right, or granted some indulgence, or discharged a precedent debt, upon the faith and credit of the paper. For this principle see the following cases: Sweeney v. Easter, 1 Wall. [68 U. S.] 166; Farrington v. Frankfort Bank, 31 Barb. 183; Fenouille v. Hamilton, 35 Ala. 319; Roseborough v. Messick, 6 Ohio St. 448; Trustees v. Hill, 12 Iowa, 462; Jenkins v. Schaub, 14 Wis. 1; Ruddick v. Loyd, 15 Iowa, 441. These cases have been decided since the case of Goodman v. Simonds and seem to answer the question propounded (but not decided) by the learned judge who delivered the opinion of the supreme court in that case, to wit: "Whether the same conclusion, (viz.: to hold the transfer unaffected by any equities between the original parties) ought to follow, where the transfer was without any other consideration than what flows from the nature of the contract at the time of delivery, and such as may be inferred from the relation of debtor and creditor in respect to the pre-existing debt?" On this question there had been much conflict in the decisions up to that time. The necessity for a present consideration to sustain the transfer and render it superior to any equities between the original parties to the paper, seems to be recognized as the law of this state in the case of Gwynn v. Lee, 9 Gill, 138.

I will therefore sign an order rejecting the said claim of the petitioners against the bankrupt estate of Howard, Cole & Co.

