## GIFFERT VS. WEST.

WARRANTY. (1) *Transfer of note indorsed implies, that indorsement is valid.*
(2) *Express, may be framed to exclude implied.* (3) *And in this case
express, raises implied.* (4) *Amendment of complaint on express, to con-
form to proof of implied.*

RES ADJUDICATÆ. (5) *Effect of former decision.*

RELEASE. *Fraud in procuring, a question of fact.*

| | |
|---|---|
| 37 | 115 |
| 98 | 405 |
| 37 | 115 |
| 100 | 339 |
| 37 | 115 |
| 53 LRA | 162 |
| 165 NY | 126 |
| 37 | 115 |
| 115 | 64413 |

1. The sale and transfer, for a full and fair price, of a note past due, in-
dorsed in blank by the person to whose order it is payable, implies a
warranty by the vendor that such indorsement is valid.

2. An express warranty, in such a sale, may be so framed as to exclude all
other warranty which would otherwise be implied by law.

3. But an express warranty that proper measures have been taken to
charge the indorser, upon the maker's default, is not inconsistent with
an implied warranty that the indorsement was originally valid (and
not void for usury). On the contrary, *it seems* that such an express
warranty would of itself (aside from any other legal implication)
raise an implied warranty.

4. The complaint was on an *express* warranty; and the proof, received
without objection, and without amendment of the complaint, was of
an *implied* warranty. *Held*, that although the better practice in such
cases is to amend the pleading in conformity with the proof, yet the
cause must be treated, on appeal, as though the proper amendment
had been made.

5. Certain questions raised by the record on the former appeal in this
cause (33 Wis., 617), were not noticed in the opinion of this court
upon that appeal, except by the general declaration that the court
could see no errors in the record except those specified in the opinion,
and for which the judgment was then expressly reversed. *Held*, that
these questions are *res adjudicatæ.*

6. Defendant produced in evidence a written release by B. (plaintiff's
assignor) of all claims by him on defendant by reason of the sale of
said note made by defendant to B.; and B. testified to facts tending to
show that his signature to such release was obtained by one C. by
fraudulent misrepresentation as to the character of the instrument.
C., as a witness for defendant, was then asked whether he "meant to
deceive B." at the time he obtained such release. *Held*, that the court
did not err in overruling this question, and submitting to the jury
upon the *facts* in evidence, the question of fraud in procuring such
release.

APPEAL from the Circuit Court for *Sauk* County.

The facts in this case sufficiently appear from the report of the former appeal herein (33 Wis., 617), and from the opinion. On a second trial the verdict was for the plaintiff; and from a judgment thereon the defendant appealed.

*C. C. Remington*, for appellant.

*G. Stevens* and *J. W. Lusk*, for respondent.

RYAN, C. J.   The material questions raised by this appeal were disposed of on a former appeal.   *Giffert v. West*, 33 Wis., 617.   Several of the same questions were now discussed at the bar.   We will notice these only so far as may be necessary to explain our judgment on this appeal.

It was there held that the complaint is upon an express warranty, which had failed in proof; but that the facts raised an implied warranty, which, but for erroneous rulings on the trial, would have sustained the respondent's recovery.   The court held that in such a case the variance should be disregarded, or an immediate amendment allowed; and that the court below was right in permitting the trial to proceed, and a verdict to be given on the implied warranty, especially as the objection had not been taken until after verdict.

The cause was again tried on the same pleadings and substantially the same evidence on the point of warranty.   No objection, resting on the variance, appears to have been raised to the admission of evidence.   But, after both parties had rested their evidence, the appellant moved that the respondent be held to elect whether he relied on an express or on an implied warranty.   Thereupon the respondent claimed that he relied on an express warranty that the necessary steps had been taken to charge Holloway as an indorser, and on an implied warranty that Holloway's indorsement was not void for usury; offering to amend his complaint accordingly, which the court below held to be unnecessary.   It might have been better practice to have amended the complaint.   But, in such a case, we are

to consider it as having been done. *Bowman v. Van Kuren*, 29 Wis., 209.

Some confusion seems to have arisen upon this claim that there was both an express and an implied warranty, which we think was unfounded. As the court held on the former appeal, the transfer of the note by the appellant implied a warranty that Holloway was an indorser, with the legal obligation of one. The note was transferred after its maturity, and it is difficult to understand any conflict between the implied warranty of a valid indorsement by Holloway, and an express warranty that the note had been protested to hold him as an indorser: the implied warranty that he was an indorser, and an express warranty that he had not been released from his responsibility as such. Indeed the express warranty would rather seem, of itself, independent of any legal implication, to raise the implied warranty. For an express warranty of protest sufficient to hold an indorser would have little value or meaning, if the indorsement itself should, for example, be a forgery.

Undoubtedly, as was held on the former appeal, an express warranty, in such a case, may be so framed as to restrict all warranty to the thing expressly warranted, and to exclude all warranty otherwise implied by law. The question whether that was the character and effect of the express warranty in this case, appears to us to have been fully and fairly submitted to the jury on the last trial of the cause.

Some points raised by the appellant on the former appeal, not particularly noticed in the opinion of the court, were again pressed upon us. These are not now open questions in this cause. They were then overruled, and we think correctly overruled, when, after full discussion of them at the bar, the opinion declared that the court could see no errors in the record other than those on which it then reversed the former judgment. And we now think, as the court seems to have then thought, that none of them call for particular discussion.

The question arising on the fraud alleged to have been prac-

ticed by Carver in obtaining Bishop's release to the appellant, was properly given to the jury. *Bowman v. Van Kuren, supra; Kellogg v. Steiner,* 29 Wis., 626. The subject of inquiry was not what Carver intended, but what he did. And the question put to him, whether he meant to deceive Bishop, was properly excluded.

*By the Court.*—The judgment of the court below is affirmed.

A motion for rehearing, argued at the same term, was denied.