Gross and another, Appellants, vs. Drager, Respondent.

*March 18 — May 15, 1886.*

*Written contract: Fraud: Parol evidence.*

If a writing (in this case an order for a reaper) does not express the real contract of the parties, and the signature of one of them, who could not read English, was obtained by the fraudulent misrepresentations of the other, these facts may be shown by parol evidence, and the writing will not bind the party upon whom such fraud was practiced.

APPEAL from the Circuit Court for *Wood* County.

Action to recover the sum of $125 and interest, alleged to be due the plaintiffs, as partners, for a reaper procured for and delivered to the defendant, under and by virtue of the following written order executed by him:

"Saratoga, Wis., May 16, 1882.

" *Gross & Rice:*— You are hereby ordered to procure for me, at Stevens Point, on or before the 20th day of June next, one 'No. 6 Peerless Reaper,' 5 feet cut, for which I agree to pay the sum of one hundred and twenty-five dollars, to be paid as follows: Cash $125, when tried in the field, with interest at ten per cent. per annum until paid.

"Carl Drager."

The answer was as follows:  "Defendant, for answer, admits that plaintiffs are partners; and for further answer de-

fendant alleges that said order in the complaint mentioned was obtained of him by fraud; that plaintiffs applied to him to purchase a 'Peerless' No. 6 reaper, 5 feet cut. He falsely represented said reaper to weigh not to exceed 650 pounds; that the defendant need not take it until he had seen it, and need not then, unless he liked it; that defendant cannot read English, and did not know the contents of the order. Defendant refused to order any reaper unless it should be a light one; and plaintiff represented that it did not weigh to exceed 650 pounds, when, in fact, the Peerless No. 6 and the Rawson weigh 900 pounds; that on the 2d day of June, 1882, the defendant revoked the order. Defendant would not sign any order, had he not been led to believe, by the false representations of the plaintiff, that the same did not weigh to exceed 650 pounds, and that he could recall his order if not satisfied."

The evidence given upon the trial and the instructions to the jury will sufficiently appear from the opinion. There was a verdict for the defendant; a motion for a new trial was denied; and from the judgment entered on the verdict the plaintiffs appealed.

The cause was submitted for the appellants on the brief of *Raymond & Haseltine,* and for the respondent on that of *L. P. Powers,* attorney, and *Geo. R. Gardner,* of counsel.

COLE, C. J. The learned counsel for the plaintiffs insist that the trial court erred in admitting parol evidence on the part of the defendant to vary the terms of the written order sued upon. It is said there is nothing ambiguous in the order which needed explanation. But the answer alleged that this order was obtained from the defendant by fraud, and did not express the real contract made by the parties. The evidence in question was offered and admitted to sustain that defense. We suppose a contract may be impeached for fraud as well by parol as written testimony; and if the

order did not express the real contract, and the defendant's signature to it was obtained by false and fraudulent representations upon a material point, the defendant had the right to show it, even though the effect of such testimony was to contradict the terms of the written order.

The controlling point in the case is whether there was sufficient evidence to carry the question to the jury which was submitted, that the defendant's signature to the order was obtained by false representations made as to the weight of the reaper when the order was given. These facts are practically undisputed. The plaintiffs were engaged in the business of selling agricultural implements. The defendant is a German, wholly unable to read English, and only able to talk or understand it imperfectly. The plaintiff *Rice* and one Joecks, a German, an agent of the plaintiffs, and who acted as an interpreter in the negotiation, came to the field where the defendant was at work, and took the order for a "Peerless reaper, 5 feet cut." The order was dated May 16, 1882, and the machine was to be ready for delivery on or before the 20th of the next month. The defendant was to pay $125 for it "when tried in the field." The order is very meager in its language, and is entirely silent as to the weight of the machine. *Rice* wrote the order. There is a dispute whether it was read to the defendant or not. *Rice* testified that he read it to him in English, and Joecks interpreted it to him. The defendant does not recollect whether the order was read to him at all, but is positive it was not read before he signed it. The parties widely disagree as to the conversation had or statements made prior to the execution of the order. The defendant swears positively that he told them (*i. e., Rice* and Joecks) he wanted a light machine, and asked them how much Peerless No. 6 weighed, and they said 600 pounds. When he signed the order, he says he supposed, from the statements made to him, that the reaper ordered weighed that number

of pounds. This is not his language, but it is the effect of his testimony. It appears as a matter of fact that such reapers weigh 950 pounds or more. *Rice* denies that in the conversation just referred to he stated to the defendant that the reaper weighed only 600 pounds, and says he told him it weighed in the neighborhood of 1,000 pounds. His testimony, to some extent, is corroborated on this point by that of Joecks. The defendant knew nothing about the Peerless machine, nor its weight; presumably *Rice* knew very nearly what its weight was. Between June 1 and 5 of 1882 the defendant gave the plaintiffs notice that he did not want the machine, and has constantly refused to take it. Probably he had learned that the machine weighed more than he supposed when he ordered it, though this is an inference merely, not a fact testified to by him.

Now, upon this and other testimony introduced, the court charged, in respect to the order, that the signing and delivery of it by the defendant, and the acceptance thereof by *Rice*, constituted a complete contract between the parties that the defendant would buy and receive, and the plaintiffs would sell and deliver, a reaper of the kind and upon the terms and conditions expressed in the order, provided neither party was induced to assent thereto by reason of misrepresentations or fraud practiced upon him by the other party; and the court added: "If the defendant, as claimed by him, never made the contract expressed by the written order, but in fact agreed to and with the plaintiffs to buy a reaper that should not weigh over 650 pounds, provided it suited him after giving it a trial, and supposed he was signing an agreement to that effect when he signed the order, and the plaintiff *Rice* agreed with him to furnish such a reaper, and obtained his signature to the order,— the defendant being unable to read English, and being ignorant of its contents,— and the reaper which was in fact described in the order was not such as the parties had agreed upon, but

weighed over 900 pounds, then the defendant was not bound by the order, it not expressing the contract of the parties." This charge was excepted to by plaintiffs' counsel. The court further charged the jury that if they found from the evidence that the order was not the contract, but that the defendant was induced by the plaintiff *Rice* to sign it in the belief that he was signing an order for a different reaper, and upon different terms, there could be no recovery.

The plaintiffs' counsel insist that this charge is misleading and erroneous. It seems to us that it was applicable to the case, and is not fairly subject to criticism. Of course, it was a question for the jury to determine whether the defendant entered into the contract relying upon representations made by *Rice* at the time, that the machine only weighed 600 pounds or thereabouts. That was a material fact, and might have been the sole inducement for the defendant to give the order. If such a representation was made, the defendant certainly, under the circumstances, had the right to rely upon it as true. It is idle to say that *Rice* did not know the representation to be false, if he made it. He was a dealer in these machines and knew their weight. Under the charge of the court it is apparent the jury found the defendant's version of the transaction true; that the order did not express the real contract; that the defendant was induced to assent to it by reason of fraud practiced upon him by *Rice*. That being the case the defendant was not bound to accept the reaper and pay for it. This court has held that a note negotiable in form, to which the maker's signature was procured by fraud as to the character of the paper, and where the maker was not guilty of negligence, was void even in the hands of an innocent holder. See *Walker v. Ebert*, 29 Wis. 194; *Kellogg v. Steiner*, 29 Wis. 626; *Butler v. Carns*, 37 Wis. 61; *Griffiths v. Kellogg*, 39 Wis. 290. This case presents much stronger grounds

for the application of such a rule. Here the action is between the original parties to the contract.

These observations dispose of all questions in the case which we deem it necessary to notice.

*By the Court.*— The judgment of the circuit court is affirmed.